UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:05-CR-220-BR
No. 5:11-CV-585-BR

DEMETRIC HOCKADAY, Petitioner,

v.

UNITED STATES OF AMERICA, Respondent.

O R D E R

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 motion and other related motions.

On 8 November 2005, petitioner pled guilty to distribution of more than five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). On 7 February 2006, after finding that the career offender enhancement applied, the court sentenced petitioner to a total term of 134 months imprisonment. Judgment was entered on 27 February 2006. Petitioner did not appeal.

Petitioner filed the instant § 2255 motion *pro se* on 24 October 2011. Relying on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), petitioner claims that he does not have the predicate convictions to qualify for the career offender enhancement.[1] He contends that

---

[1]In his *pro se* § 2255 motion, petitioner also claims that he does not have any prior conviction which qualifies as a felony for purposes of § 922(g)(1), and therefore, his § 922(g)(1) conviction should be vacated. (Pet., DE # 27, at 4, 13.) Petitioner's counsel similarly states in the recently filed motion to expedite that "Petitioner argues that he is actually innocent of one count." (Mot. Expedite, DE # 39, at 1.) However, as counsel acknowledges in petitioner's response to the government's motions, because the maximum sentence petitioner could have received was 14 months imprisonment, petitioner's 2003 conviction for possession of stolen goods "did prohibit [petitioner] from possessing a firearm." (Resp., DE # 36, at 2 n.2.) Thus, the 2003 conviction does qualify as a felony for purposes of § 922(g)(1), see N.C. St. Ann. §§ 14-71.1 (1994) (possession of stolen goods is a Class H felony), 15A-1340.17(c), (d) (2009) (minimum presumptive range of imprisonment for Class H felony with prior record level IV is nine to eleven months and maximum presumptive range of imprisonment is 11 to 14 months); Simmons, 649 F.3d at 241 (to determine whether prior conviction qualifies as a felony, the court must look to the maximum sentence the defendant could have received based on his criminal history and level of aggravation); (Resp., Ex. C, DE # 36-3 (judgment of conviction showing prior

(continued...)

if his sentence was vacated and he was resentenced without that enhancement, he would be eligible for immediate release. (See Mot. Expedite, DE # 39, at 1.) On 30 November 2011, the government filed a motion to stay pending the decision in United States v. Powell, 691 F.3d 554 (4th Cir. 2012). Shortly thereafter, the government filed the instant motion to dismiss. Petitioner, through counsel, filed a response in opposition to both motions. Most recently, petitioner has filed a motion to expedite a hearing on his § 2255 motion.

The government contends that the § 2255 motion should be dismissed as untimely and on the ground that in his plea agreement petitioner waived the right to contest his conviction or sentence. Turning to the timeliness issue, a one-year statute of limitations applies to a motion filed under § 2255. 28 U.S.C. § 2255(f). That limitations period begins running from the latest of–

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

---

[1](...continued)
record level and that petitioner was sentenced with presumptive range), and that conviction cannot be vacated.

Petitioner also contends *pro se* that his sentence should be reduced based on recent amendments to the sentencing guidelines. (Pet., DE # 27, at 5.) Petitioner, with the assistance of counsel, has since filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c). (DE # 37.) That motion will be resolved by separate order, and the court will not consider the claim as one under § 2255.

Specifically, the government argues that the motion is untimely under § 2255(f)(1) because petitioner filed it nearly six years after his judgment became final and under § 2255(f)(3) because petitioner's claim for relief is not based on a newly recognized right made retroactively applicable to cases on collateral review.

Petitioner does not contend that his motion is timely under § 2255(f)(1) and rightly so. Because petitioner did not appeal, his judgment of conviction became final ten days after judgment was entered, or on 13 March 2006. See Clay v. United States, 537 U.S. 522, 524-25 (2003) (conviction becomes final after time period to appeal or seek review has concluded); Fed. R. App. P. 4(b)(1)(A) (2003) (ten-day period to appeal criminal judgment); Fed. R. App. P. 26(a) (2008) (with time periods of ten days or less, weekends and holidays do not count in the calculation).[2] He therefore had until 13 March 2007 to file a § 2255 motion, see 28 U.S.C. § 2255(f)(1), and obviously did not do so.

For timeliness, petitioner does not rely upon § 2255(f)(3) either. (Resp., DE # 36, at 4.) Rather, he contends that his motion is timely under § 2255(f)(4) as he filed it within one year of discovery of the "fact" supporting his claims, that fact being the 17 August 2011 decision in Simmons, which overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), to hold that under North Carolina's structured sentencing scheme, an offense is punishable by a term of imprisonment exceeding one year only if the particular defendant before the court could have received such a sentence based on his criminal history and the nature of the offense. A legal decision which does not affect the validity of an underlying conviction is not a fact for purposes

[2]Since entry of the judgment here, the cited rules have been amended, effective 1 December 2009. The appeal period is now fourteen days, Fed. R. App. P. 4(b)(1)(A), and weekends and holidays are now included in the time period calculation, id. 26(a)(1)(B).

of § 2255(f)(4). See E.J.R.E. v. United States, 453 F.3d 1094, 1097-98 (8th Cir. 2006) ("[A] decision taken from a federal court of appeals does not provide an independent basis to trigger the one-year statute of limitations provided under § 2255."); Saulter v. United States, No. 7:02-CR-22-BO, 2011 WL 5024362, at *1 (E.D.N.C. Oct. 20, 2011) ("A newly discovered legal opinion is not, however, new *factual* evidence discovered to support a claim or claims" to make a habeas motion timely under § 2255(f)(4).); Blakney v. United States, No. 4:11-cv-70024-RBH, 2011 WL 1113468, at *3-4 (D.S.C. Mar. 24, 2011) ("A legal decision is not a 'new fact' for purposes of § 2255(f)(4). Stated another way, the limitation provided for in § 2255(f)(4) goes to newly discovered facts or evidence, not a change in the law." (citations, quotations, and alterations omitted)).

Petitioner's reliance on Johnson v. United States, 544 U.S. 295 (2005), and United States v. Gadsen, 332 F.3d 224 (4th Cir. 2003), is misplaced. In both cases, the fact for purposes of (f)(4) was the state court's vacatur of the petitioner's underlying conviction. See Johnson, 544 U.S. at 304-08 (holding that the state court's vacatur of a prior conviction supporting the petitioner's enhanced federal sentence is a fact for purposes of § 2255(f)(4), provided the petitioner acts with due diligence in securing the state court's order of vacatur); Gadsen, 332 F.3d at 227–29 (holding that the fact supporting the petitioner's § 2255 claim is the conclusive vacatur of the petitioner's prior state conviction which was used to sentence him in federal court as a career offender). Granted, in Johnson and Gadsen it was, technically speaking, a court case or decision on which the petitioner's claims were based, but it is the fact of the underlying convictions' vacatur which is significant and is operative for § 2255(f)(4). See id. In contrast, Simmons is not a decision which invalidates any of petitioner's prior, underlying convictions;

rather, its application concerns the legal significance of those convictions. As such, that petitioner filed his motion within one year of Simmons does not make his motion timely under § 2255(f)(4). See Farmer v. United States, No. 5:02-CR-131-BO , 2012 WL 5835524, at *1 n.1 (E.D.N.C. Nov. 16, 2012) ("[T]he Court does not find that *Simmons* could be a new fact supporting [petitioner's] claim discoverable through the exercise of due diligence." (citations omitted)); United States v. Anderson, No. 0:04-353-CMC, 2012 WL 1594156, at *2 (D.S.C. May 7, 2012) (holding that Simmons "is not a 'fact' which triggers § 2255(f)(4)"), appeal dismissed, No. 12-6961 (4th Cir. Nov. 7, 2012); United States v. Hardison, No. 4:11-CV-196-FL, 4:08-CR-77-FL-2, 2011 WL 6780783, at *2 (E.D.N.C. Dec. 27, 2011) ("[T]he Fourth Circuit's decision in *Simmons* does not constitute a 'fact supporting [petitioner's] claim.'" (latter alteration in original)).

Petitioner advances no ground other than (f)(4) to argue that his motion is timely. Because the court finds that the motion was not timely filed, the court does not reach the government's alternative argument that the waiver in petitioner's plea agreement bars his habeas corpus claims.

The government's motion to dismiss is ALLOWED, and the § 2255 motion is DISMISSED. The government's motion to stay and petitioner's motion to expedite are DENIED as MOOT. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules

Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 17 December 2012.

W. Earl Britt
Senior U.S. District Judge