UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:05-CR-220-BR

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| DEMETRIC HOCKADAY ) | |

This matter is before the court on defendant's second motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (DE # 37.)

In 2006, after having pled guilty to distribution of more than five grams of cocaine base (crack) and being a felon in possession of a firearm, the court sentenced defendant to terms of 134 months and 120 months imprisonment, respectively, with the terms running concurrently. Defendant's sentencing guideline range for the crack offense was based on defendant's status as a career offender under U.S.S.G. § 4B1.1.[1] (PSR ¶¶ 67, 72.) Defendant did not appeal.

In 2009, defendant filed his first motion for a sentence reduction under § 3582(c)(2). (DE # 16.) That motion was based on the 2008 retroactive amendments to the sentencing guidelines pertaining to crack offenses. The court denied the motion because defendant was sentenced as a career offender and the amended guidelines did not affect that status. (DE # 18.) The Fourth Circuit Court of Appeals affirmed that decision, (DE # 23).

In 2011, defendant filed a 28 U.S.C. § 2255 motion challenging his designation as a career offender based on the decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011)

---

[1] Defendant's sentencing guideline "range" for the firearm offense was the statutory maximum term of imprisonment. (See PSR ¶ 74.)

(en banc). (DE # 27.) The court dismissed that motion as untimely and declined to issue a certificate of appealability. (DE # 40.) The Fourth Circuit Court of Appeals likewise declined to issue a certificate of appealability and dismissed defendant's appeal. (DE # 45.)

In the meantime, defendant filed the instant motion for a sentence reduction. Defendant contends that his sentence should be reduced based on the 2011 retroactive amendments to the sentencing guidelines pertaining to crack offenses. (Mem., DE # 38, at 1, 6.) Because defendant's career offender status remains and the recently amended guidelines do not affect that status, the court's analysis of defendant's earlier § 3582(c)(2) motion applies equally to the instant motion. And, the recent decision in Miller v. United States, 735 F.3d 141, 147 (4th Cir. 2013), which held that "Simmons announced a new substantive rule that is retroactive on collateral review," does not change that analysis.[2] See United States v. Jones, No. 12-7042, 2013 WL 3782945, at *1 (4th Cir. July 22, 2013) (recognizing that because a § 3582(c)(2) proceeding is not a full resentencing, it is not the appropriate vehicle by which to challenge the career offender classification).

The motion for a sentence reduction is DENIED.

This 11 December 2013.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　　W. Earl Britt
　　　　　　　　　　　　　　　　　　　　　　　　Senior U.S. District Judge

---

[2]In accordance with this district's practice, the Probation Office initially reviewed defendant's motion. In his response to the Probation Office's position that he is not eligible for relief, defendant contends that Miller provides further support for his position that he never should have been sentenced as a career offender and thus should not be denied eligibility for a sentence reduction.

2